IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,<br><br>            Plaintiffs,<br><br>v.<br><br>FINER FINISHES, INC., an Illinois corporation,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.<br><br>Judge<br><br>Magistrate Judge | FILED: JULY 07, 2008<br>08 CV 3878<br>JUDGE MORAN<br>MAGISTRATE JUDGE COX<br>RCC |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, Donald D. Schwartz, James R. Anderson, Anthony B. Sanders and ARNOLD AND KADJAN, complain against Defendant, Finer Finishes, Inc., an Illinois corporation, as follows:

## COUNT I

1.    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED

1

SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of ERISA, the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant Finer Finishes, Inc., (**"Finer"**) an Illinois corporation, is an employer engaged in an industry affecting commerce.

(b)     On or about February 19, 1999, **Finer** entered into a memorandum of agreement with the Union ("Labor Agreement") whereby it agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "A."

5.     By virtue of certain provisions contained in the Labor Agreement, **Finer** is bound by the Trust Agreement establishing the Funds.

6.     Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **Finer** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with his obligation to contribute to the Funds.

7.     Plaintiffs are advised and believe that for the period **March 1, 2007 through February 29, 2008 Finer** has been deficient in the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes, of **$17,322.03 in contributions, $2,419.66 in liquidated damages, and $600.20 in audit costs for a total of $20,341.89.**

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     Judgment be entered against **Finer** and in favor of Plaintiffs in the amount of **$17,322.03.**

B.     This Court enjoin **Finer** from violating the terms of the collective bargaining agreement and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

C.     Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount provided for under the Trust Agreements all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,**


By:  /s/ Anthony B. Sanders
         One of their Attorneys


DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

4

# Exhibit A

## P.D.C. #14 MEMORANDUM OF AGREEMENT PAINTING

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and _Finer Finishes Inc_____, referred to as "the Employer", Witnesseth That:

Whereas, the PAINTING AND DECORATING CONTRACTORS' ASSOCIATION, (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 1997 to May 31, 2002.

WHEREAS, the parties to this agreement wish to promote continued employment in the Industry, prevent interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

   The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Painting employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of the Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1997, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 1997, to May 31, 2002, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 1998 thru May 31, 1999

| | | | |
|---|---|---|---|
| Wages: | $25.60 | Joint Co-Operation | .01 |
| Welfare: | 3.70 | Industry Advancement | .05 |
| Pension: | 3.50 | J.A.T.C. | .28 |
| Savings: | .50 | SCHOLARSHIP FUND | .01 |

5. This Agreement shall become effective at 12:00 A.M., June 1, 1997, and shall remain in full force and effect until 12:00 P.M., May 31, 2002, or continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days written notice by Registered or Certified Mail prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this ___19th___ day of __February__, 199_9_!

EMPLOYER:

FIRM: __Finer Finishes Inc.__
(PRINT)

ADDRESS: __1923 Main ST   P O Box 690   Spring Grove IL 60081__

SIGNATURE & TITLE __Paul D. Pease   President__
(PRINT)

SIGNATURE __Paul D. P_____   President__

Gerald C. Harms
Business Manager/Secretary-Treasurer
P.D.C. #14

815-675-3120

*also Finy Finishes